IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30491
Summary Calendar
_____

RYAN RICHARD; ET AL.,

                                        Plaintiffs,

DENAUD EGANA,

                                        Plaintiff-Appellant,

versus

JEFFERSON PARISH; HARRY LEE;
GARY SCHWABE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1469-T
--------------------
December 8, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Denaud Egana, Louisiana prisoner # 410663, challenges the

district court's dismissal of his 42 U.S.C. § 1983 lawsuit as

frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).  He asserts

that his exposure to fresh paint fumes for a two-week period

while the adjacent cellblock was being painted, causing him

headaches and dizziness, violated his constitutional rights.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court has a duty, <u>sua</u> <u>sponte</u>, to determine at the outset whether it has appellate jurisdiction. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). It is unclear whether Egana's notice of appeal is timely because there is no indication in the record that he placed it in the prison mail system within 30 days of the district court's judgment. However, because his appeal is frivolous, remand for a determination on the issue would be futile. <u>See</u> <u>United States v. Alvarez</u>, 210 F.3d 309, 310 (5th Cir. 2000). Egana's allegations do not show either that he was exposed to a risk of substantial harm or that the appellees were deliberately indifferent to any risk by failing to take reasonable measures to abate it. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>Ganther v. Ingle</u>, 75 F.3d 207, 212 (5th Cir. 1996). Egana's appeal is wholly without merit and is thus frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Accordingly, his appeal is DISMISSED for lack of jurisdiction. <u>See</u> <u>Alvarez</u>, 210 F.3d at 310.

DISMISSED.