IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50166
Summary Calendar
_____


JOSE OSCAR CHAVEZ-DOMINGUEZ, also known as Jose Antonio
Chavez,

                                        Plaintiff-Appellant,

versus

SAN ANTONIO POLICE DEPARTMENT; MARTI LAURENZ; AL A. PHILIPPUS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-629
- - - - - - - - - -
October 24, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jose Oscar Chavez-Dominguez (Chavez) appeals the district
court's dismissal of his 42 U.S.C. § 1983 action for failure to
prosecute.  See FED. R. CIV. P. 41(b).  Although Chavez did not
file any pleading entitled "notice of appeal," he did file within
the appeal period a pleading which evinced an intent to appeal
and which identified Chavez as the party appealing as well as the
judgment he sought to appeal.  See FED. R. APP. P. 3(c)(1)(A)&(B);

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Because the pleading did not identify the court to which the appeal was being taken, this court's jurisdiction over this appeal is uncertain. See FED. R. APP. P. 3(c)(1)(C); cf., Smith v. Barry, 502 U.S. 244, 248 (1992); McLemore v. Landry, 898 F.2d 996, 999 (5th Cir. 1990). A determination on this point is unnecessary, however, as the district court's dismissal for failure to prosecute was not an abuse of discretion. See McNeal v. Papasan, 842 F.2d 787, 789-90 (5th Cir. 1988); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000). Chavez has been deported to El Salvador and, despite an order from the district court, failed to appear for the docket call and failed to offer any explanation of how he intends to pursue this action from another country. This appeal is therefore frivolous. See 5TH CIR. R. 42.2.

APPEAL DISMISSED.