IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20883
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ROGELIO ALVAREZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-314-7
--------------------
April 14, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:

     Rogelio Alvarez, a federal prisoner (# 00518-111), appeals
from the district court's denial of his motion for reduction of
sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).  Alvarez's
notice of appeal was filed 11 days after the district court
entered judgment.

     Two of this court's sister circuits have held that a
§ 3582(c)(2) motion is not a civil postconviction action but a
"step in a criminal case," the denial of which must be appealed
within 10 days from the entry of judgment.  United States v. Ono,
72 F.3d 101, 102-03 (9th Cir. 1995); United States v. Petty, 82

F.3d 809, 810 (8th Cir. 1996); FED. R. APP. P. 4(b). As the Ninth Circuit stated, § 3582 is a criminal provision because, <u>inter alia</u>, it "governs the imposition and subsequent modification of a sentence of imprisonment," and it refers to the statutes and rules governing the imposition of sentences. See <u>Ono</u>, 72 F.3d at 102.

We agree with the reasoning of these decisions and adopt it as our own. The 10-day limit for filing a notice of appeal in a criminal case is "'mandatory and jurisdictional.'" <u>United States v. Coscarelli</u>, 149 F.3d 342, 343 (5th Cir. 1998) (quoting <u>United States v. Robinson</u>, 361 U.S. 220, 229 (1960)).

Rule 4(b)(4), FED. R. APP. P., allows the district court to grant an additional 30 days in which to file a notice of appeal upon a showing of "excusable neglect" or "good cause." The filing of an untimely notice of appeal within the 30-day period is customarily treated by this court in a criminal case as a motion for a determination whether excusable neglect or good cause entitles the defendant to an extension of time to appeal. <u>United States v. Golding</u>, 739 F.2d 183, 184 (5th Cir. 1984). Such a remand would be futile in this case because Alvarez's appeal is frivolous. He argues that he is entitled to a sentence reduction because Amendment 484 of the Sentencing Guidelines requires the district court to recalculate the amount of methamphetamine attributable to him so as to exclude "waste materials" and "intermediary solutions." Section 3582(c)(2) permits a district court to reduce a prison term when it is based on a sentencing range that has "subsequently been lowered" by an

amendment to the Guidelines.  See United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997).  Amendment 484 became effective on November 1, 1993, more than four years before Alvarez was sentenced.  See U.S.S.G., App. C, Amendm. 484.  Alvarez's § 3582(c)(2) motion thus is not based on a sentencing range that has "subsequently" been lowered by the Sentencing Commission.

APPEAL DISMISSED FOR LACK OF JURISDICTION.