**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Cornell SWIFT, Defendant–
Appellant.**

**No. 01–6925.**

United States Court of Appeals,
Fourth Circuit.

Submitted Jan. 29, 2002.

Decided Feb. 21, 2002.

James Cornell Swift, Appellant Pro Se. James Ashford Metcalfe, Assistant United States Attorney, William David Muhr, Office of the United States Attorney, Norfolk, Virginia, for Appellee.

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

## OPINION

PER CURIAM.

James Cornell Swift seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C.A. § 3582 (West 2000). In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R.App. P. 4(b)(1)(A); *United States v. Alvarez,* 210 F.3d 309, 310 (5th Cir.2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies and collecting cases adopting rule). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R.App. P. 4(b)(4); *United States v. Reyes,* 759 F.2d 351, 353 (4th Cir.1985).

The district court entered its order on May 10, 2001, Fed. R.App. P. 4(b)(6), and the ten-day appeal period expired on May 24, 2001. Swift's appeal was not filed at the district court until May 31, 2001. The record does not reveal, however, when Swift delivered the notice of appeal to prison officials for forwarding to the court. Accordingly, we remand the case for the district court to determine the timeliness of the filing under *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

If the district court determines under *Houston* that Swift's notice of appeal was delivered outside the ten-day appeal period, under Fed. R.App. P. 4(b)(1)(A), it should then determine whether Swift has shown excusable neglect or good cause warranting an extension of the ten-day appeal period under Fed. R.App. P. 4(b)(4). In particular, the court should consider whether its erroneous instruction to Swift that he had 60 days in which to file a notice of appeal is grounds for an extension under the rule. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED.*