<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-6537**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TYREES COLOZA WHITEHEAD,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (CR-90-112)

———————

Submitted:  June 20, 2002              Decided:  June 27, 2002

———————

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Tyrees Coloza Whitehead, Appellant Pro Se.  Stephen Wiley Miller, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tyrees Whitehead appeals the denial of his motion for reduction of sentence pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000). The district court's order was entered on January 22, 2002, and Whitehead's notice of appeal was filed on March 16, 2002.[1] We dismiss this appeal for lack of jurisdiction because we find his notice of appeal untimely.

The timely filing of a notice of appeal is mandatory and jurisdictional. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Whitehead failed to file a notice of appeal within ten days of the entry of the order denying his motion under § 3582(c)(2), to obtain an extension of time, or to obtain a reopening of the appeal period, we dismiss Whitehead's appeal for lack of jurisdiction.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[1] In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect. Fed. R. App. P. 4(b)(4); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding § 3582 proceeding is criminal in nature and ten-day appeal period applies).

[2] For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. Appl. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

materials before the court and argument would not aid the decisional process.

DISMISSED