**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROBERT MOSES WILKERSON,

*Defendant-Appellant.*

No. 02-6740

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-96-167)

Submitted: July 3, 2002

Decided: July 22, 2002

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Robert Moses Wilkerson, Appellant Pro Se. Anne Margaret Hayes, Assistant United States Attorney, John Howarth Bennett, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Moses Wilkerson seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C.A. § 3582(c)(2) (West 2000), based upon Amendments 591 and 599 to the Sentencing Guidelines. We dismiss the appeal for lack of jurisdiction.

In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies and collecting cases adopting rule). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order on November 20, 2001, *see* Fed. R. App. P. 4(b)(6); the ten-day appeal period expired on November 30, 2001. Wilkerson did not file his notice of appeal until May 6, 2002, well beyond the expiration of the ten-day appeal period and thirty-day excusable neglect period. Although Wilkerson contends in his notice of appeal that he did not receive the district court's order denying his § 3582 motion until April 30, 2002, and that his appeal is therefore timely, Wilkerson mistakenly relies on Fed. R. App. P. 4(a)(6), which relates to reopening an appeal period in civil cases. There is no corresponding provision in Rule 4(b) of the Federal Rules of Appellate Procedure.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*