Filed:  August 5, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

―――――――――――

Nos. 02-4292(L)
(CR-96-21)

―――――――――――

United States of America,

Plaintiff - Appellee,

versus

Raymond Jerome Francis, etc.,

Defendant - Appellant.


―――――――――――

O R D E R

―――――――――――


The court amends its opinion filed July 22, 2002, as follows:

On the cover sheet, section 7 -- the status line is corrected

to read "No. 02-4292 motions denied and No. 02-4450 dismissed by

unpublished per curiam opinion."

For the Court - By Direction


/s/ Patricia S. Connor
Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    v.                    No. 02-4292

RAYMOND JEROME FRANCIS, a/k/a
Raymond Rudone Ramsey,
    *Defendant-Appellant.*


UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    v.                    No. 02-4450

RAYMOND JEROME FRANCIS, a/k/a
Raymond Rudone Ramsey,
    *Defendant-Appellant.*


Appeals from the United States District Court

for the Western District of North Carolina, at Asheville.

Lacy H. Thornburg, District Judge.

      (CR-96-21)

  Submitted: June 21, 2002

   Decided: July 22, 2002

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

_____

No. 02-4292 motions denied and No. 02-4450 dismissed by unpub-
lished per curiam opinion.

_____

**COUNSEL**

Neil Ian Jacobs, Rockville, Maryland, for Appellant. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raymond Jerome Francis seeks to appeal the amended criminal judgment reimposing the original terms of imprisonment and supervised release relating to his drug and firearms convictions (No. 02-4292). He also seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C.A. § 3582 (West 2000) (No. 02-4450). In No. 02-4292, the Government has moved to dismiss the appeal as untimely, and Francis has moved to summarily vacate the district court's order, or, in the alternative, to hold the appeal in abeyance pending the Supreme Court's resolution of a petition for a writ of certiorari in another case. In No. 02-4450, we must determine *sua sponte* whether Francis timely filed his notice of appeal.

With regard to No. 02-4292, the district court's order amending the criminal judgment to reimpose Francis's original sentence arose in the context of a § 2255 proceeding. *See* 28 U.S.C.A. § 2255 (West Supp. 2001). Specifically, pursuant to a § 2255 motion the district court granted Francis partial relief from his sentence. We vacated and remanded for reimposition of the original sentence, and Francis now seeks to raise issues related to the reimposed sentence. Under those circumstances, a party has sixty days in which to note a timely appeal. *See* Fed. R. App. P. 4(a). In No. 02-4292, the district court entered the amended criminal judgment on March 6, 2002, *see* Fed. R. App.

2

P. 4(b)(6). Francis dated the notice of appeal March 27. The envelope was post-marked on April 1, and the notice of appeal was filed in the district court on April 4, 2002. The notice of appeal was therefore timely, and the Government's motion to dismiss the appeal is accordingly denied. We also deny Francis's motion to summarily vacate the district court's order or, in the alternative, to hold this appeal in abeyance.

Turning to Francis's appeal in No. 02-4450 concerning the denial of his § 3582 motion, we dismiss the appeal for lack of jurisdiction. A § 3582 motion is criminal in nature, *see United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature), and therefore Francis had ten days from the entry of judgment to note a timely appeal. *See* Fed. R. App. P. 4(b)(1)(A). The district court could extend the appeal period under Rule 4(b)(4) upon a showing of excusable neglect or good cause. *See also United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985). However, the district court may not extend the appeal period beyond the forty days provided in Rule 4(b). Fed. R. App. P. 26(b)(1); *see United States v. Raynor*, 939 F.2d 191, 196 (4th Cir. 1991).

Here, the district court entered its order denying Francis' § 3582 motion on April 5, 2002. The ten-day appeal and thirty-day excusable neglect periods expired on May 15, 2002. Because Francis did not file his notice of appeal until May 29, 2002, we do not have jurisdiction to consider the merits of the appeal. *See Raynor*, 939 F.2d at 196. We therefore dismiss the appeal in No. 02-4450 as untimely.

No. 02-4292 - *MOTIONS DENIED*


No. 02-4450 - *DISMISSED*


3