United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60426
Summary Calendar

_____

MARIA DEL ROSARIO MOLINA,

                                    Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                    Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 788 231
---------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Maria Del Rosario Molina petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying Molina's application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), as well as her request for voluntary departure. Molina argues that: (1) the federal crime for which she was previously convicted did not involve moral turpitude; (2) her federal crime was not an aggravated felony offense; (3) the IJ erred by admitting

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

uncertified evidence that her application for temporary resident status had been denied; and (4) the IJ erred by not allowing testimony regarding hardship to family members resulting from her removal. Because Molina does not warrant any relief, we pretermit any jurisdictional issues under 8 U.S.C. § 1252(a)(2)(C). See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

This court reviews only the decision of the BIA and not that of the Immigration Judge, except to the extent that the decision of the Immigration Judge influenced the BIA's decision. See Carbajal-Gonzales v. INS, 78 F.3d 194, 197 (5th Cir. 1996). This court conducts a de novo review of the BIA's legal rulings but "will defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). Fact findings are reviewed for substantial evidence. See id.

The BIA's denial of Molina's application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a) was not erroneous because Molina failed to submit any evidence showing that she was a permanent resident alien. See 8 C.F.R. § 240.11(e)(2001)(alien bears burden of proof to show eligibility for cancellation of removal). Molina does not challenge the BIA's determination that she abandoned her application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). She has therefore not shown that the BIA erred in denying relief under that subsection.

Accordingly, Molina's petition for review is DENIED.