United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10328
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

KIMBERLY KOVAR-CHAPPELL,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-2-ALL-G
---------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Kimberly Kovar-Chappell appeals from the magistrate judge's

order detaining her pending trial and the district court's order

finding her to be mentally incompetent to stand trial and

committing her to the custody of the Attorney General for

hospitalization and treatment under 18 U.S.C. § 4241(d).

Because this court lacks jurisdiction to review a magistrate

judge's order, we may not consider Kovar-Chappell's appeal of the

order of detention.  See United States v. Renfro, 620 F.2d 497,

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

500 (5th Cir. 1980). Kovar-Chappell's notice of appeal would be timely to challenge the district court's order of commitment if she deposited it in the institution's mailing system on the date that she affixed to it. See FED. R. APP. P. 4(c). We need not remand for a finding on timeliness, however, because the appeal is frivolous. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

Kovar-Chappell argues that: (1) the sentence imposed was illegal because the indictment was defective, the grand jury was not truly empaneled in her case, and her alleged crime was within the exclusive jurisdiction of the Tax Division of the U.S. Department of Justice; (2) the trial court clearly erred by incorrectly applying the Sentencing Guidelines to her sentence and by allowing the magistrate judge to preside over the rulings in her case; and (3) the district court erred by not admitting a probate document as prima facie evidence of her mental competency. Her first two arguments are not relevant to a challenge to an order of commitment. Her third argument lacks arguable merit because it is conclusional and refers to a document outside the record.

Kovar-Chappell has failed to argue anything that would show that the district court erred by finding her to be mentally incompetent to stand trial and committing her to the custody of the Attorney General for hospitalization and treatment under 18 U.S.C. § 4241. See United States v. Doke, 171 F.3d 240, 247 (5th

Cir. 1999).  As the appeal lacks arguable merit, it is frivolous.

See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, the instant appeal is DISMISSED.