<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-6008**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRIS DEWAYNE JENKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CR-97-162)

Submitted:  September 9, 2003      Decided:  September 25, 2003

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Chris Dewayne Jenkins, Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Chris Dewayne Jenkins seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582 (2000). In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, the district court may grant an extension of time of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on November 6, 2002; the ten-day appeal period expired on November 20, 2002. See Fed. R. App. P. 4(b)(1)(A), 26. Jenkins filed his notice of appeal after the ten-day period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remanded the case to the district court for the court to determine whether Jenkins could demonstrate excusable neglect or good cause warranting an extension of the ten-day appeal period. Although the district court ordered Jenkins to provide evidence of excusable neglect or good cause, Jenkins failed to comply with the order. Because the record does not show excusable

2

neglect or good cause, we dismiss Jenkins' appeal as untimely.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>DISMISSED</u>