**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-7573**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEROME DERRICK HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, District Judge. (8:96-cr-00260-PJM)

Submitted: December 14, 2006          Decided:  December 22, 2006

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Remanded by unpublished per curiam opinion.

Jerome Derrick Harris, Appellant Pro Se. Deborah A. Johnston, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Derrick Harris seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C.A. § 3582 (West 2000 & Supp. 2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on August 11, 2006. Harris filed the notice of appeal on August 31, 2006,* after the ten-day period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we grant leave to proceed in forma pauperis and remand the case to the district court for the court to determine whether Harris has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as

---

*In calculating the file date of his notice of appeal, we have given Harris the benefit of Houston v. Lack, 487 U.S. 266 (1988) and Fed. R. App. P. 4(c).

supplemented, will then be returned to this court for further consideration.

REMANDED