# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1209

_____

United States of America,              *
*
           Appellee,         *
*   Appeal from the United States
      v.                 *   District Court for the Eastern
*   District of Missouri.
Cortez Turner,                *
*   [UNPUBLISHED]
        Appellant.       *

_____

Submitted: February 7, 2007
Filed: February 14, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Cortez Turner pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In April 2004, he was sentenced to 64 months of imprisonment and 4 years of supervised release. Turner did not file an appeal, but in December 2005 filed a motion under 18 U.S.C. § 3582(c)(2) seeking to reduce his sentence. The district court[1] denied Turner's motion, and he appeals.

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Turner argues he is entitled to a sentence reduction based on Amendment 591. After reviewing the record, it is clear that Turner is not entitled to a sentence reduction based on this amendment because it was already in effect at the time Turner was sentenced. Amendment 591 became effective on November 1, 2000, more than three years before Turner was sentenced. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam) (where Guidelines amendment became effective before defendant was sentenced, the motion to lower the defendant's sentence was not based upon a range that was "subsequently" lowered by the Sentencing Commission); United States Sentencing Guidelines Manual (USSG), App.. C, Amend. 591; see also United States v. Ibarra-Torres, 161 F. App'x 613 (8th Cir. 2006) (per curiam) (unpublished) (adopting holding in Alvarez regarding USSG amendments in effect at the time of sentencing).

Accordingly, we affirm the district court's dismissal of Turner's motion.
_____