**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6574

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JONATHAN TREWAYNE CLANTON,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:05-cr-00031-JLK)

Submitted:  September 5, 2008         Decided:  October 1, 2008

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Remanded by unpublished per curiam opinion.

Jonathan Trewayne Clanton, Appellant Pro Se.  Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Trewayne Clanton seeks to appeal the district court's order granting a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) (2000). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order granting a reduction in sentence on March 25, 2008. Clanton filed the notice of appeal on April 11, 2008,[*] after the ten-day period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Clanton has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2