**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William Henry MOORE, Jr.,
Defendant—Appellant.**

**No. 08–7015.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Oct. 9, 2008.

Decided: Nov. 7, 2008.

William Henry Moore, Jr., Appellant Pro Se. Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Henry Moore, Jr., seeks to appeal the district court's order denying his motion for reduction of sentence under 18

---

U.S.C.A. § 3582 (West 2000 & Supp.2008). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R.App. P. 4(b)(1)(A); *see United States v. Alvarez,* 210 F.3d 309, 310 (5th Cir.2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R.App. P. 4(b)(4); *United States v. Reyes,* 759 F.2d 351, 353 (4th Cir.1985).

The district court entered its order denying the motion for reduction of sentence on April 25, 2008. Moore filed the notice of appeal on May 13, 2008,* after the ten-day period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Moore has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED.*

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the

---

court. Fed. R.App. P. 4(c); *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).