**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-8362**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　　v.

CLAUDIO OTERO, JR., a/k/a Bill,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.  Norman K. Moon, District
Judge.  (6:99-cr-70054-nkm-6)

Submitted:  April 28, 2009　　　　　Decided:  May 12, 2009

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Remanded by unpublished per curiam opinion.

Claudio Otero, Jr., Appellant Pro Se.  Anthony Paul Giorno,
Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claudio Otero, Jr., seeks to appeal the district court's order denying his motion for reduction of sentence filed under 18 U.S.C. § 3582(c)(2) (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on September 15, 2008, and the ten-day appeal period expired on September 29, 2008. See Fed. R. App. P. 26 (providing that "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). The thirty-day excusable neglect period expired on October 29, 2008.

When a criminal defendant's notice of appeal is filed more than ten days following judgment but within the thirty-day excusable neglect period, we generally remand so the district court can assess whether there has been good cause or excusable

2

neglect to excuse the late filing. Because Otero is incarcerated, the notice of appeal is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). Otero's notice of appeal was dated October 29, 2008, the last day of the excusable neglect period. However, it was post-marked October 30, 2008, and was date-stamped received in the district court on November 4, 2008.

Because it is unclear when Otero gave his notice of appeal to prison officials for mailing, we remand the case to the district court for the court to determine whether Otero's notice of appeal was filed within the excusable neglect period and, if so, whether Otero has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>