**UNPUGLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6612**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

LASHON MAURICE GAITHER, a/k/a Sld Dft 5:05CR9-10-V, a/k/a
Morie,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.    Richard L.
Voorhees, District Judge.  (5:05-cr-00009-RLV-DCK-10)

_____

Submitted:  June 29, 2009          Decided:  July 15, 2009

_____

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

Lashon Maurice Gaither, Appellant Pro Se.  Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lashon Maurice Gaither seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582 (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on February 27, 2009. Gaither filed the notice of appeal on March 27, 2009,[*] after the ten-day period expired but before the expiration of the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Gaither has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as

---

[*] See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

supplemented, will then be returned to this court for further consideration.

REMANDED