**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6402**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

HARVEY LEE MOXLEY, a/k/a Sandy,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:98-cr-00068-RLV-8)

Submitted: August 28, 2009     Decided: September 9, 2009

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Harvey Lee Moxley, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvey Lee Moxley seeks to appeal the district court's order granting his motion for reduction of sentence under 18 U.S.C. § 3582 (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order granting the motion for reduction of sentence on February 6, 2009. The ten-day appeal period expired on February 23, 2009. See Fed. R. App. P. 26(a)(2) (providing "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). The excusable neglect period expired on March 25, 2009.

Moxley's notice of appeal includes a certificate of service stating that he placed the notice of appeal in the prison legal mail system on February 20, 2009, within the ten-day appeal period. However, Moxley mailed his notice of appeal

2

with a cover letter dated February 25, 2009, a date outside the ten-day appeal period, but within the thirty-day excusable neglect period.  See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).  Because it is unclear whether Moxley timely filed his notice of appeal or filed it within the excusable neglect period, we remand the case to the district court for the court to determine whether Moxley timely filed his notice of appeal and, if not, whether Moxley has shown excusable neglect or good cause warranting an extension of the ten-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED