**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-7196**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

TIMOTHY GADSON, a/k/a Tanaka,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   C. Weston Houck, Senior District
Judge.   (4:01-cr-00817-CWH-1)

———————

Submitted:  September 22, 2009      Decided:  November 3, 2009

———————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

Timothy Gadson, Appellant Pro Se.  Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Gadson seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582 (2006).  In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal.  Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on May 6, 2009.  Gadson filed the notice of appeal, at the latest, on June 5, 2009, after the ten-day period expired but within the thirty-day excusable neglect period.  Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Gadson has shown excusable neglect or good cause warranting an extension of the ten-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

2