**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-7814**

———————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

JEANNIE LARGENT COSBY,

            Defendant – Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00033-MR-3)

———————

Submitted:  December 15, 2009        Decided:  December 22, 2009

———————

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Remanded by unpublished per curiam opinion.

———————

Jeannie Largent Cosby, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeannie Largent Cosby seeks to appeal the district court's order denying her motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006). After entry of the district court's order, Cosby had ten days to file her notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2008) (amended Dec. 1, 2009)[1]; see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that a § 3582(c)(2) proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on July 31, 2009. The ten-day appeal period expired on August 14, 2009. See Fed. R. App. P. 26(a)(2) (2008) (amended Dec. 1, 2009). The thirty-day excusable neglect period expired on September 14, 2009. See Fed. R. App. P. 26(a)(3) (2008) (amended Dec. 1, 2009). Cosby filed her notice of appeal, at the earliest, on August 30, 2009, after the expiration of the ten-day appeal period, but within

---

[1] On December 1, 2009, the ten-day period became fourteen days.

2

the thirty-day excusable neglect period.[2]  Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Cosby has shown excusable neglect or good cause warranting an extension of the ten-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[2]  Because Cosby is incarcerated, the notice of appeal is considered filed as of August 30, 2009, the date on which she delivered it to prison officials for mailing.  See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).  However, even utilizing the date the notice of appeal was received in this court, September 3, 2009, the notice was still filed within the excusable neglect period.  See Fed. R. App. P. 4(d).