**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6134**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

GARY EDWARD NIXON,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:04-cr-00085-F-1)

Submitted:  March 15, 2010              Decided:  April 1, 2010

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Remanded by unpublished per curiam opinion.

Gary Edward Nixon, Appellant Pro Se.  Anne Margaret Hayes, Rudolf A. Renfer, Jr., Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Edward Nixon seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582 (2006). In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and Rule 4(b) appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on December 15, 2009. Nixon filed the notice of appeal on January 12, 2010,[*] after the fourteen-day period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Nixon has shown

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

excusable neglect or good cause warranting an extension of the fourteen-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>