**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7803**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO BUTTS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (2:00-cr-00067-JBF-1)

Submitted: March 15, 2010          Decided: April 14, 2010

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Lorenzo Butts, Jr., Appellant Pro Se. Kevin Michael Comstock, Joseph Evan DePadilla, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Butts, Jr., seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582 (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A);[1] see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on August 14, 2009. Butts filed the notice of appeal on September 11, 2009,[2] after the ten-day period expired but within the thirty-day excusable neglect

---

[1] Rule 4(b)(1)(A) was amended effective December 1, 2009, to provide a period of fourteen calendar days to file a notice of appeal. This amendment does not affect the timeliness of Butts's notice of appeal.

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

period.    Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Butts has shown excusable neglect or good cause warranting an extension of the ten-day appeal period.    The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>

3