**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6305**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONALD CHRISTOPHER NEAL,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (2:94-cr-00300-JAB-4)

Submitted: September 2, 2010     Decided: September 20, 2010

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Ronald Christopher Neal, Appellant Pro Se. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Christopher Neal appeals from the partial grant of his 18 U.S.C. § 3582 (2006) motion for reduction of sentence. The notice of appeal was received in the district court shortly after expiration of the appeal period. Because Neal is incarcerated, the notice is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). The record does not reveal when Neal gave the notice of appeal to prison officials for mailing. Accordingly, we remand the case for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack.

Depending on the district court's finding regarding the filing date, it may be appropriate for the court to determine whether Neal's untimely filing was due to excusable neglect. In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal.

2

Fed. R. App. P. 4(b)(4); <u>United States v. Reyes</u>, 759 F.2d 351, 353 (4th Cir. 1985).  Should the district court determine that the notice of appeal was filed within the excusable neglect period, the court should determine whether Neal has shown excusable neglect or good cause warranting an extension of the fourteen-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>