**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6436**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DARREN ARNESS STATON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (4:05-cr-00096-D-1)

Submitted:  October 14, 2010        Decided:  October 21, 2010

Before MOTZ, KING, and DAVIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Darren Arness Staton, Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Arness Staton seeks to appeal the district court's order granting his motion for reduction of sentence under 18 U.S.C. § 3582 (2006). At the time the district court entered its order, the defendant was required to file the notice of appeal within ten days after the entry of judgment.[1] Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on November 24, 2009. The notice of appeal was filed, at the earliest, on March 12, 2010.[2] Because Staton failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal as untimely filed. We dispense with oral argument because the

---

[1] On December 1, 2009, the ten-day appeal period became fourteen days. This change does not affect our analysis.

[2] This is the date Staton placed on his notice of appeal. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
