**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7615**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SILAS DOUGLAS JONES, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   R. Bryan Harwell, District Judge. (4:13-cr-00317-RBH-4)

Submitted:  January 31, 2017          Decided:  February 8, 2017

Before GREGORY, Chief Judge, and SHEDD and KEENAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

John J. Korzen, Director, Kyleigh E. Feehs, Blake E. Stafford, Third-Year Law Students, WAKE FOREST UNIVERSITY SCHOOL OF LAW APPELLATE ADVOCACY CLINIC, Winston-Salem, North Carolina, for Appellant.   Beth Drake, Acting United States Attorney, Robert Frank Daley, Jr., Alfred W. Bethea, Jr., Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silas Douglas Jones, Jr., seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)(2012). The Government moves to dismiss the appeal as untimely filed. In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582(c)(2) proceeding is criminal in nature and Rule 4(b)(1)(A) appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause in a criminal proceeding, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying Jones' motion on September 16, 2015. The district court received the notice of appeal on October 14, after the expiration of the appeal period but within the 30-day excusable neglect period. Because Jones is incarcerated, the notice is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). The record does not reveal when Jones delivered the notice of appeal to prison officials for mailing. Accordingly, we remand the case for the limited purpose of

2

allowing the district court to obtain this information from the parties and to determine whether the filing was timely under Fed. R. App. P. 4(b)(1)(A), (c)(1), and <u>Houston v. Lack</u>.  If the district court finds the notice of appeal was not timely filed, it should then consider whether an extension of the appeal period is warranted.  The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>