# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30506

DONALD KEITH RUNNELS,

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2018

Lyle W. Cayce
Clerk

Petitioner-Appellant

v.

PRESLEY BORDELON, Warden, Avoyelles Marksville Detention Center,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-503

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Donald Keith Runnels, Louisiana prisoner # 187611, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion to vacate an illegal sentence as an unauthorized successive 28 U.S.C. § 2254 application, the dismissal of his constructive Federal Rule of Civil Procedure 60(b)(1) motion as untimely, and the denial of his constructive Rule 60(b)(6) motion on the merits. Additionally, Runnels seeks release pending review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30506

To obtain a COA, Runnels must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). He has not made the requisite showing. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Nonetheless, because of the lack of a COA ruling by the district court, we may assume without deciding that we lack jurisdiction over the issue. *See Cardenas v. Thaler,* 651 F.3d 442, 443-44 (5th Cir. 2011); Rule 11(a), RULES GOVERNING § 2254 CASES. However, we will decline to remand for the district court to make the COA determination in the first instance if remand would be futile and a waste of judicial resources. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Accordingly, we DISMISS this matter for lack of jurisdiction because remand would be futile. We DENY the motions as moot.