# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40802

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2018

Lyle W. Cayce
Clerk

LEWIS-JAY PORTER,

Plaintiff-Appellant

v.

STATE OF TEXAS, 101 West Main Street, Suite 250, Nacogdoches, Texas 75861, doing business as Carrie Gilcrease,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-75

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Lewis-Jay Porter, Texas prisoner # 01865394, was convicted in Texas state court for aggravated sexual assault of a child. He has filed what is best construed as a motion for a certificate of appealability (COA). Porter's arguments appear to be based on his adherence to the so-called "sovereign citizen" ideology. "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40802

they are not subject to state or federal statutes and proceedings." *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir.), *cert. denied*, 137 S. Ct. 126 (2016).

This court may issue a COA only if Porter has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, Porter must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented were adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court did not rule on whether a COA should issue. Because the district court did not do so, we may assume without deciding that we lack jurisdiction. *See Cardenas v. Thaler*, 651 F.3d 442, 443-44 (5th Cir. 2011); Rule 11(a), RULES GOVERNING § 2254 CASES. However, we decline to remand in order for the district court to make the COA determination in the first instance because remand would be futile. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Even if the district court had made the determination in the first instance, we would still deny a COA because Porter has not made the required showing. *See Slack*, 529 U.S. at 484.

Accordingly, the appeal is DISMISSED for lack of jurisdiction, and Porter's constructive motion for COA is DENIED AS MOOT.

2