# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20343

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2019

Lyle W. Cayce
Clerk

ERIC SAMUEL TUCKER,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-1470

Before HIGGINBOTHAM, DENNIS, and HO, Circuit Judges.

PER CURIAM:*

Eric Samuel Tucker was convicted in Texas of aggravated assault of a family member and sentenced to 30 years imprisonment. *Tucker v. State*, 2016 WL 3162367, at *1 (Tex. App. June 2, 2016). In May 2018, Tucker filed a habeas petition under 28 U.S.C. § 2254, which the district court dismissed without prejudice as duplicative of an already pending petition, filed in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20343

September 2017.  In its order dismissing the petition, the district court did not rule whether a certificate of appealability (COA) was warranted.  Tucker now appeals to this court without a COA.

A COA is required to appeal the denial of an unauthorized successive habeas petition under § 2254.  *See Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011).  Because the district court did not issue a COA determination, we lack jurisdiction over Tucker's appeal.  We decline to remand this case to the district court for a COA ruling because remand would be futile.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).  The district court will only grant a COA when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  No reasonable jurist could find the district court's procedural ruling dismissing Tucker's petition debatable.  Claims raised in a successive habeas petition that were raised in the initial petition must be dismissed.  28 U.S.C. § 2244(b)(1).  And, any new claim must be dismissed unless the "factual predicate for the claim could not have been discovered previously through the exercise of due diligence."  28 U.S.C. § 2244(b)(2)(B)(i).  Here, all but one of Tucker's claims were raised in his first petition, and the lone new claim is an ineffective assistance of counsel claim, which no reasonable jurist could find was undiscoverable when Tucker filed his first petition.  Because remanding for the district court to rule on the COA would be pointless, we dismiss for lack of jurisdiction.

For the forgoing reasons, the appeal is dismissed.