UNITED STATES of America, Plaintiff—Appellee,

v.

Derwin COLES, a/k/a Woods, Defendant—Appellant.

No. 09–6654.

United States Court of Appeals, Fourth Circuit.

Submitted: Nov. 23, 2009.

Decided: Jan. 14, 2010.

Derwin Coles, Appellant Pro Se. John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derwin Coles seeks to appeal the district court's order granting in part and denying in part his motion for reduction of sentence under 18 U.S.C. § 3582 (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R.App. P. 4(b)(1)(A); *see United States v. Alvarez,* 210 F.3d 309, 310 (5th Cir.2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies).

**516**

With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R.App. P. 4(b)(4); *United States v. Reyes,* 759 F.2d 351, 353 (4th Cir.1985).

The district court entered its order on March 19, 2009. The ten-day appeal period expired on April 2, 2009. *See* Fed. R.App. P. 26(a)(2) (providing "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). The thirty-day excusable neglect period expired on Monday, May 4, 2009. *See* Fed. R.App. P. 26(a)(3) (where filing period ends on weekend, relevant period is extended to next business day).

A pro se prisoner's notice of appeal is considered filed the moment it is delivered to prison authorities for mailing to the court. *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Under Fed. R.App. P. 4(c)(1), timely filing may be shown through a sworn declaration or notarized statement setting forth the date the notice of appeal was deposited in the prison mail and stating that first-class postage had been prepaid. Based upon the unsworn and unnotarized certificate of service, Coles' notice of appeal could have been filed as early as March 31, 2009, within the ten-day appeal period. However, he mailed it in an envelope postmarked April 3, 2009, which was outside the ten-day appeal period but within the thirty-day excusable neglect period.

Because it is unclear whether Coles timely filed his notice of appeal or filed it within the excusable neglect period, we remand the case to the district court for the court to determine whether Coles timely filed his notice of appeal and, if not, whether Coles has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED.*