# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2010

Charles R. Fulbruge III
Clerk

No. 09-60138
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HAROLD W. ROBERTS, JR.

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:00-CR-14-1

Before GARWOOD, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Harold W. Roberts, Jr., federal prisoner # 08901-055, was convicted of one count of possessing marijuana with intent to distribute and in April 2001 was sentenced to serve 120 months in prison. We affirmed the judgment of the district court in August 2002. In February 2004 this court denied Roberts's request to file a successive section 2255 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court later denied the purported FED. R. CIV. P. 60(b) motion that Roberts filed in July 2008 to challenge his sentence, and Roberts now appeals that denial. He insists that he was improperly sentenced based on both the marijuana and the crack cocaine that was involved with his offense and that he should be resentenced.

Rule 60(b) provides relief only from judgments imposed in civil cases; Rule 60(b) "simply does not provide relief from a judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) (Dennis, J., dissenting from grant of motion for temporary stay pending appeal); *see also* FED. R. CIV. P. 1 (limiting the scope of the rules of civil procedure to civil actions). Accordingly, the district court did not err in concluding that Roberts could not invoke Rule 60(b) to challenge his sentence.

Roberts's Rule 60(b) motion is best construed as an unauthorized successive 28 U.S.C. § 2255 motion that the district court lacked jurisdiction to consider. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-31 (2005); 28 U.S.C. § 2244(b)(3)(A), § 2255(h). Because this appeal is patently frivolous, we decline to remand this case to the district court for a decision on whether a certificate of appealability should issue and instead DISMISS this appeal for lack of jurisdiction. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).