**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6526**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CEDRICK L. SNIPES,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:05-cr-00718-PMD-1)

Submitted: April 15, 2010        Decided: April 28, 2010

Before TRAXLER, Chief Judge, NIEMEYER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Cedrick L. Snipes, Appellant Pro Se. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedrick L. Snipes seeks to appeal the district court's order granting his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment.[*] Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order granting the motion for reduction of sentence on February 27, 2009. Snipes's undated notice of appeal was mailed in an envelope bearing a postmark of March 18, 2009. Because Snipes failed to file a timely notice of appeal or obtain an extension of the appeal

---

[*] Rule 4 of the Federal Rules of Appellate Procedure was amended effective December 1, 2009, to establish a fourteen-day appeal period. Additionally, Fed. R. App. P. 26, governing computation of time periods, was amended effective December 1, 2009, to require counting all calendar days, rather than omitting weekends and holidays, as formerly required. Because the prior version of the rules applies in this appeal, that is the version cited in this opinion.

2

period, we remanded this case to the district court for the court to determine whether Snipes could demonstrate excusable neglect or good cause to justify extending the ten-day appeal period. In accordance with our remand order, the district court directed the parties to file additional briefing on the issue and determined that Snipes failed to make the requisite showing.

We have thoroughly reviewed the record and agree that Snipes has failed to demonstrate excusable neglect or good cause justifying a relaxation of the ten-day appeal period set forth in Rule 4(b)(1)(A). See generally Bowles v. Russell, 551 U.S. 205, 208-13 (2007); United States v. Mitchell, 518 F.3d 740, 750 (10th Cir. 2008). Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3