**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-6546**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ROBERT KENNEDY, JR., a/k/a Mosquito,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Norman K. Moon, District Judge.  (4:01-cr-70025-nkm-1)

───────────

Submitted:  May 6, 2010          Decided:  June 15, 2010

───────────

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

───────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

───────────

Robert Kennedy, Jr., Appellant Pro Se.  Joseph W. H. Mott, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Kennedy, Jr., seeks to appeal four orders of the district court: an August 4, 2008 order denying Kennedy's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006), a February 3, 2009 order denying Kennedy's second § 3582(c)(2) motion as an untimely motion for reconsideration, and two subsequent orders refusing to reopen or extend the appeal period for the August 4, 2008 order and the February 3, 2009 order. We dismiss the appeal in part and affirm in part.

Kennedy had ten business days after entry of each of the orders in question to note his appeal. Fed. R. App. P. 4(b)(1)(A) (2008);[*] see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). The district court properly found that Kennedy's efforts to reopen or extend the

_____

[*] Rule 4, Fed. R. App. P., has been amended, effective December 1, 2009, to allow fourteen calendar days to note an appeal in a criminal case. However, the amendment is inapplicable to this appeal.

2

appeal period as to the August 4, 2008 order were untimely and beyond the excusable neglect period. The court also found, as to the February 3, 2009 order, that Kennedy's proffered justification for his late notice of appeal did not constitute excusable neglect warranting extension of the ten-day appeal period.

We have thoroughly reviewed the record and agree that Kennedy has failed to demonstrate excusable neglect or good cause justifying a relaxation of the ten-day appeal period of Rule 4(b)(1)(A). See generally United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009); United States v. Mitchell, 518 F.3d 740, 750 (10th Cir. 2008). Therefore, we dismiss the appeal to the extent it seeks review of the court's August 4, 2008 and February 3, 2009 orders. As to the district court's two orders entered February 18, 2009, and March 18, 2009, refusing to extend or reopen the appeal period, we find no reversible error and affirm.

Kennedy's appeal is dismissed in part and affirmed in part. We deny Kennedy's request to place his appeal in abeyance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>
