**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-8266**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

ELIJAH JOHNSON, a/k/a Kevin Sumpter, a/k/a John David Dula,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:98-cr-00336-DCN-2)

_____

Submitted: July 27, 2010          Decided: August 4, 2010

_____

Before TRAXLER, Chief Judge, and WILKINSON and KEENAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Elijah Johnson, Appellant Pro Se. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Johnson seeks to appeal the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582 (2006). At the time the district court entered its order, the defendant was required to file the notice of appeal within ten days after the entry of judgment.[1] Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on August 13, 2009. The notice of appeal was filed, at the earliest, on December 17, 2009.[2] Because Johnson failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal as untimely filed. We dispense with oral argument because the

---

[1] On December 1, 2009, the ten-day appeal period became fourteen days. This change does not affect our analysis.

[2] This is the date Johnson placed on his notice of appeal. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>