**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-6318**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MICHAEL CASSANOVA DYSON,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.   Frederick P. Stamp,
Jr., Senior District Judge.   (5:09-cr-00021-FPS-JES-6)

─────────

Submitted: June 19, 2012          Decided:  July 2, 2012

─────────

Before WILKINSON, KING, and KEENAN, Circuit Judges.

─────────

Remanded by unpublished per curiam opinion.

─────────

Michael Cassanova Dyson, Appellant Pro Se.   John Castle Parr,
Michael D. Stein, Assistant United States Attorneys, Wheeling,
West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Cassanova Dyson seeks to appeal the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction in his sentence, predicated on Guidelines Amendment 750. In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and Rule 4(b)(1)(A) appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion on January 18, 2012. Dyson filed the notice of appeal on February 16, 2012,[*] after the fourteen-day period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

determine whether Dyson can demonstrate excusable neglect or good cause warranting an extension of the fourteen-day appeal period. The record, as supplemented, will then be returned to this Court for further consideration.

REMANDED