**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-7860**

—————

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

         v.

SIDNEY DERROD EVANS, a/k/a Dooley,

                        Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Arenda Wright Allen, District
Judge.  (2:02-cr-00225-AWA-2)

—————

Submitted:  December 13, 2012      Decided:  December 19, 2012

—————

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

—————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

—————

Sidney Derrod Evans, Appellant Pro Se.  Darryl James Mitchell,
Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sidney Derrod Evans appeals the district court's order denying as moot his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence. On appeal, we confine our review to the issues raised in the appellant's brief. See 4th Cir. R. 34(b). Because Evans' informal brief does not challenge the basis for the district court's disposition, Evans has forfeited appellate review of the court's order. Accordingly, we affirm the district court's order. United States v. Evans, No. 2:02-cr-00225-AWA-2 (E.D. Va. Oct. 3, 2012).

To the extent Evans seeks to appeal the district court's July 18, 2003 judgment imposing a 331-month prison term and its March 26, 2010 order granting his § 3582(c)(2) motion and reducing his sentence to 295 months' imprisonment,[1] his notice of appeal is untimely. The notice was filed in October 2012, after the expiration of the ten-day period for appealing the July 18 judgment, Fed. R. App. P. 4(b)(1)(A)(i) (2008), and the fourteen-day period for appealing the March 26 order. Fed. R. App. P. 4(b)(1)(A)(i) (2009); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that a § 3582

---

[1] The district court clerk treated Evans' notice of appeal as seeking to appeal the district court's October 3, 2012 order denying as moot his § 3582(c)(2) motion, the court's July 18 judgment, and the court's March 26 order granting Evans' § 3582(c)(2) motion and reducing his sentence.

2

proceeding is criminal in nature and that the Rule 4(b)(1)(A) appeal period applies). Accordingly, insofar as Evans seeks to appeal the July 18 judgment and the March 26 order, we dismiss his appeal as untimely.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

---

[2] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Evans' appeal of the July 18 judgment and the March 26 order is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).