# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40740

AARON EARL CARTER, JR.,

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2017

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

WARDEN J.W. MOSSBARGER,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-326

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Aaron Earl Carter, Jr., Texas prisoner # 01065189, has moved for leave to proceed in forma pauperis (IFP) to appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court denied Carter's motion to proceed IFP and certified pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that the appeal was not taken in good faith. We pretermit any question as to whether Carter filed a timely appeal because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40740

this appeal is frivolous. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

By moving to proceed IFP in this court, Carter is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Carter argues that the trial court previously declared his 2001 conviction for aggravated robbery, and the 30-year sentence imposed in connection with that conviction, invalid by granting his motion for a new trial. He argues that he is not being held pursuant to a valid and operative judgment and that the grant of his motion for a new trial negated the need for, and validity of, all later proceedings. Carter seeks release from prison and a new trial; Carter asks for injunctive relief to end his imprisonment for an allegedly vacated judgment. To the extent that Carter asserts claims that implicate the validity of the state habeas proceedings and argues the merits of his motion for a new trial, we need not consider those claims because he raises them for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Because Carter seeks to contest the fact and duration of his confinement, his claims are not cognizable under § 1983; rather, his claims are proper for a federal habeas proceeding. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-79, 81-82 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Also, because Carter maintains that he is incarcerated pursuant to an invalid judgment, his claims imply the invalidity of his conviction and sentence. Despite his claim that his conviction and sentence were vacated, Carter presently is in custody pursuant to a judgment of a Texas state court, and all of his prior state court challenges

to his conviction and sentence were denied.  Because Carter has not identified an operative ruling that reversed his conviction and sentence, his claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 468-87 (1994).

Because Carter has not shown that he will present a nonfrivolous issue for appeal, his motion to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.  The dismissal of the complaint by the district court and the dismissal of this appeal both count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Carter is warned that, if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.